IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:14CR230 |
| | ) | |
| FARHIA HASSAN | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS INDICTMENT
## FOR LACK OF JURISDICTION

This indictment charges a Dutch stay-at-home mother of six living in the Netherlands with giving a few hundred dollars to al-Shabaab in Somalia seven years ago, when al-Shabaab was not even a designated Foreign Terrorist Organization in her own country.

This indictment alleges that Ms. Hassan, a foreign national living abroad, was supposed to consider U.S. law when donating money to a foreign organization engaged in internal insurgency in Africa.

This indictment asserts unprecedented and unbridled power of United States law enforcement.

This indictment lacks jurisdiction. It must be dismissed.

# ARGUMENT

I. **In cases involving non-citizens acting entirely abroad there must be a sufficient nexus between the defendant and the United States.**

The Due Process Clause of the Fifth Amendment imposes limits on the United States' authority to enforce its laws beyond the territorial boundaries of the United States. *See United States v. Ahmed*, 94 F. Supp. 3d 394, 408-09 (E.D.N.Y. 2015) (citing *United States v. Ramzi Yousef*, 327 F.3d 56, 86 (2d Cir. 2003)). "Though a criminal statute having extraterritorial reach is declared or conceded substantively valid under the Constitution, its enforcement in a particular instance must comport with due process. Some courts have, as a proxy for due process, required a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair." *United States v. Brehm*, 691 F.3d 547, 552 (4th Cir. 2012) (internal quotation marks omitted); *See also United States v. Jamal Yousef*, 750 F.3d 254, 262 (2d Cir. 2014)( "Due Process requires 'that a territorial nexus underlie the extraterritorial application of a criminal statute,' in order to 'protect[] criminal defendants from prosecutions that are arbitrary or fundamentally unfair.'") (citation and internal quotation marks and omitted).

This Court has observed, "Congress may clearly express its intent to reach extraterritorial conduct, but a due process analysis must be undertaken to ensure that Congress' reach does not exceed its constitutional grasp." *United States v. Shahani Jahromi*, 286 F. Supp. 2d 723, 727 (E.D. Va. 2003) (Ellis, J.) (finding that due process was not violated by application of United States law on a United States citizen living overseas).

In cases involving "non-citizens acting entirely abroad, [such a] nexus exists when the aim of that activity is to cause harm inside the United States or to U.S. citizens or interests." *United States v. Al Kassar*, 660 F.3d 108, 118 (2d Cir. 2011). The absence of the required nexus, however, "[is] grounds for dismissing [an] indictment before the district court[.]" *Jamal Yousef*, 750 F.3d at 262 (citation and internal quotation marks and omitted).

**II.  Ms. Hassan's alleged conduct lacks a nexus between her and the United States.**

This indictment details a foreign national allegedly conspiring to donate funds to other foreign nationals in foreign countries engaged in internal insurgency in a foreign country.

Specifically, it describes a group of women who discussed their enthusiasm for al-Shabaab and then Ms. Hassan's individual donations, or pledges, to the organization through its conduits in Africa. According to the indictment, these women used an online chat room to discuss "al-Shabaab victories and related current events involving al-Shabaab," a U.S.-designated foreign terrorist organization located in Somalia. ECF No. 340 at 2-3. The indictment also states that Ms. Hassan individually donated, or pledged, money to al-Shabaab. At this time, al-Shabaab was a designated FTO in the United States, but not in the European Union.[1]

The specific conspiratorial acts allegedly committed by Ms. Hassan are as follows:

- An online discussion with Hinda Osman Dhirane of Seattle, Washington about two women who were from Somaliland and now lived in the Netherlands from whom Ms. Hassan solicited money (ostensibly to orphans) but then whose money was not ultimately accepted.

- Ms. Hassan's remark to Muna Osman Jama of Annandale, Virginia that she would send $300 to help al-Shabaab obtain vehicles [in Africa].

- Ms. Hassan's question to Jama asking to whom she should send a payment of $1,000 to assist al-Shabaab in Africa.

Thus, at its core, this indictment describes Ms. Hassan, a "non-citizen[] acting entirely abroad" with no nexus to the United States. There is no allegation that the "aim of that activity [] to cause harm inside the United States or to U.S. citizens or interests." *See Al Kassar*, 660 F.3d at 118.

Such alleged acts are outside the jurisdiction of the United States. This true even if Congress intended the statute to have extraterritorial reach. *See United States v. Brehm*, 691 F.3d at 552; *United States v. Shahani Jahromi*, 286 F. Supp. 2d 727  (explaining that even if Congress intended for the

---

[1] *See* https://www.consilium.europa.eu/en/policies/fight-against-terrorism/terrorist-list/

statute to have extraterritorial reach, that extension must nevertheless comport with the due process requirement establishing a sufficient nexus between the defendant and the United States).

Thus, the absence of this required nexus is grounds for dismissing the indictment. *See Jamal Yousef*, 750 F.3d at 262. For the United States to prosecute this foreign national allegedly engaged in these acts abroad is not due process.

## **CONCLUSION**

The law does not allow the United States government to uproot a Dutch mother of six for almost decade-old conduct that occurred beyond the reach of our soil and our people. This indictment must be dismissed.

Respectfully Submitted,
FARHIA HASSAN
By Counsel
CARMICHAEL ELLIS & BROCK, PLLC
_____/s/_____
Jessica N. Carmichael, Virginia Bar 78339
Counsel for Defendant
108 N. Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 684-7908
jessica@carmichaellegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2020, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

_____/s/_____
Jessica N. Carmichael, Esq.
