# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                               ) | 1:14-cr-00230-AJT |
| ) | |
| FARHIA HASSAN,                          ) | |
| ) | |
| Defendant. | |

## DEFENDANT'S NOTICE AND MOTION FOR REVOCATION OF DETENTION ORDER

PLEASE TAKE NOTICE that on Wednesday, November 10, 2021 at 2:00 p.m., or as soon thereafter as counsel may be heard, the Defendant, Farhia Hassan, by counsel, and pursuant to 18 U.S.C. § 3145(b), will move this Honorable Court to revoke the order of detention imposed by Magistrate Judge Buchanan on November 4, 2021.  *ECF No. 401*.  Ms. Hassan requests an expedited hearing of this matter pursuant to 18 U.S.C. § 3145(b), which requires that such motions be determined "promptly."

## BACKGROUND

Ms. Hassan is a stay-at-home mother of six children.  The Government extradited her from the Netherlands for participating in a 2012 online chat group with other members who discussed giving money to al-Shabaab.[1]  She is accused of being directly responsible for a few hundred dollars.  Her extradition proceedings began in 2014, shortly after her arrest, and lasted until she was extradited to this Court just last month.  The FBI transported Ms. Hassan from the Netherlands along with her valid passport.

---

[1] The United States had designated al-Shabaab a foreign terrorist organization (FTO) in 2012; the Netherlands had not.

Ms. Hassan did not understand why she was being extradited to the United States because she has never been here and she was accused of sending money from the Netherlands directly to Africa.[2] During the seven-year period of her extradition, she was released on conditions and ordered to appear at regular court appearances, which she did. Ms. Hassan complied with all conditions of release while she underwent extradition proceedings. With court approval, she even took vacations with her family to Belgium, France, and the United Kingdom. In the past seven years, Ms. Hassan waited continuously for a Dutch court to order her to be extradited to the United States. In that case, she would know it was just extradition. Once she was told that she must go to the United States, she cooperated and went willingly.

During the last seven years, Ms. Hassan has been free on bond and compliant with her conditions. She is a 38-year-old mother of six who lived at home with her husband and children in Terneuzen, Netherlands. Ms. Hassan was originally born in Somalia but became a citizen of the Netherlands in 2008 after moving there in 1999. She is in good health but suffers from fibromyalgia, a painful form of arthritis. She has no criminal record in any country. She has never had any problems with substance abuse or alcohol and has never possessed weapons. Ms. Hassan has lived at the same house on 7 Street for almost thirteen years now. She wants to go home to that house and her family. Ms. Hassan does not desire to prolong this process any further by not appearing for court proceedings or disregarding release conditions.

Two co-defendants of Ms. Hassan have already been found guilty by this Court. Pending their trial and sentencing, this Court released the two co-defendants on

---

[2] Ms. Hassan, by counsel, has filed two motions to dismiss. *See ECF No.* 343, 344.

conditions,[3] which included unsecured bonds and surrender of their passports. Ms. Hassan has family members here in the United States that can act as a third-party custodian. Those family members have agreed to secure local housing and reside in the Eastern District of Virginia until the conclusion of Ms. Hassan's case.

## ARGUMENT

### I. The Court Must Consider All Reasonable Alternatives To Detention

#### A. The Court's Review of the Detention Order is *De Novo*

Pursuant to 18 U.S.C. § 3145(b), this Court has the authority to revoke a detention order issued by a magistrate judge upon motion by the defense and such motion shall be determined promptly. The district judge's review of a magistrate judge's detention order is *de novo. See United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989). The district court must make its own *de novo* determination of the facts with no deference to the findings of the magistrate judge. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Walters*, 89 F.Supp. 2d 1217, 1219-20 (D. Kan. 2000). In addition, the district court ultimately must decide the propriety of detention with no deference to the legal conclusion of the magistrate judge. *Id.*

#### B. The Rebuttable Presumption

As an initial matter, this is a presumption case because it involves a charge of conspiracy to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. *See* 18 U.S.C. § 3142(e). Therefore, a "rebuttable" presumption arises pursuant to the Bail Reform Act (18 U.S.C. § 3142) that no condition or

---

[3] *See ECF No.* 18; *ECF No.* 26.

3

combination of conditions could reasonably assure the appearance of defendant and the safety of the community. However, once a defendant rebuts that presumption, the Court must release the defendant on the least restrictive conditions possible that will reasonably assure her appearance at trial and prevent danger to any other person or the community. *Id.* §§ 3142(b), (c) & (e).

In determining whether any combination of conditions is sufficient to assure the objectives of pretrial release, the Court cannot read § 3142 to require a guarantee against flight or danger. *See United States v. Portes*, 786 F.2d 758, 764 n.7 (7th Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). Rather, only a reasonable assurance is necessary.

Once the statutory presumption is raised, then the defendant only has the burden of "production" to come forward with "some evidence" to contradict the presumption that no conditions exist that will reasonably assure the safety of the community and reasonably assure the defendant's appearance. *See United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). This burden of production "is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d at 707. The defendant simply has the burden to produce evidence "to suggest" that he is neither dangerous or likely to flee if released on bail. *United States v. Quartermaine*, 913 F.2d at 916. The burden of production is merely "to offer some credible evidence contrary to the statutory presumption." *United States v. Miller*, 625 F.Supp. 513, 519 (D.Kan.1985).

"Any evidence" favorable to a defendant that comes within a category listed in 18 U.S.C. §3142(g) can rebut the presumption, including evidence of marital, family and

4

employment status; ties to and role in the community; lack of criminal record; and other types of evidence encompassed in §3142(g)(3). *United States v. Dominguez*, 783 F.2d at 707.

### C. The Government Has the Burden of Persuasion in a Presumption Case

Although the statutory presumption under 18 U.S.C. §3142(e) shifts the burden of "production" to the defendant, the "burden of persuasion" as to the issue of detention does not shift and remains with the government. *See United States v. Quartermaine*, 913 F.2d at 916; *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); *United States v. Walters*, 89 F.Supp.2d at 1220; 3B Wright & Miller, Federal Practice & Procedure § 765.1. In this regard, the government must prove dangerousness by "clear and convincing" evidence, and must prove risk of flight by a "preponderance of the evidence." *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988); 18 U.S.C. §3142(f).

If a defendant proffers evidence to rebut the presumption, the Court must consider the four factors identified in 18 U.S.C. §3142(g) in determining whether the government has met its burden of persuasion regarding pretrial detention. *See United States v. Hir*, 517 F.3d at 1086; *United States v. Jackson*, 845 F.2d at 1265. In meeting its burden, the government cannot simply argue that the statutory presumption, coupled with the allegations of the indictment, are alone sufficient to satisfy §3142(g). *United States v. Jackson*, 845 F.2d at 1266. The government is required to make a serious attempt to support its request for pretrial detention by offering extrinsic incriminatory evidence. *Id*. Moreover, "the presumption itself would be inadequate to prove dangerousness, so the prosecution must introduce other evidence in addition." *United States v. Cox*, 635 F.

5

Supp. 1047, 1052 (D. Kan. 1986). Thus, when the presumption is preliminarily rebutted, it is improper to base a finding of dangerousness solely on the presumption. *United States v. Dominguez*, 783 F.2d at 707.

Even if the presumption of dangerousness exists under 18 U.S.C. § 3142(e), the defendant cannot be detained unless the government proves, and the court finds, that there are no release conditions that will "reasonably assure" the safety of the community. *See United States v. Hir*, 517 F.3d at 1092; *United States v. Dominguez*, 783 F.2d at 707. The Bail Reform Act contemplates only that a court be able to "reasonably assure", rather than guarantee, the safety of the community. *United States v. Hir*, 517 F.3d at 1092. In determining whether any combination of conditions is sufficient to assure the objectives of pretrial release, the court cannot read §3142 to require a guarantee against flight or danger. *See United States v. Portes*, 786 F.2d 758, 764 n.7 (7th Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985).

The government might place emphasis on the alleged weight of the evidence against Ms. Hassan. "[T]he weight of the evidence," however, "is the *least* important of the various factors" to be considered by the Court. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)(emphasis added). The weight of the evidence is the least important factor because Ms. Hassan is presumed to be innocent. *See* § 3142(j). The statute neither requires "nor permits" a pretrial determination that the person is guilty, and this factor may be considered "only" in terms of the likelihood the person will fail to appear or pose a danger to the community. *United States v. Motamedi*, 767 F.2d at 1408. Moreover, "evidence of the commission of a serious crime and the fact of a potentially

6

long sentence" alone is insufficient "to support a finding of risk of flight." *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988). Accordingly, the weight of the evidence does not require Ms. Hassan to be detained pending trial.

**II. Factors Weigh in Favor of Release in This Case**

As outlined above, this case has spanned seven years. Ms. Hassan was arrested in her hometown in the Netherlands in July 2014. Since that time, she remained free on bond and compliant with the court system in her country. Ms. Hassan even took a few international vacations with her family in Europe. She did not miss any of her court appointments and has never been charged with a criminal offense, aside from this case. Ms. Hassan remained in contact with her Dutch attorney and with undersigned counsel. When she was ordered to be extradited, she complied with the process and surrendered as ordered.

Although Ms. Hassan does not have significant ties to the United States, her ability to flee is nonexistent. The FBI has possession of Ms. Hassan's passport and she has virtually no money aside from the small amount deposited to her commissary account at the Alexandria Jail. Further, she speaks almost no English. She only knows a few family members that live in the Unites States and they have agreed to be third-party custodians to this Court. Finally, if Ms. Hassan wanted to flee, she had seven years and plenty of opportunities. She chose to comply with the law.

Without a doubt, Ms. Hassan's life is in the Netherlands. Her husband, her children, her home, and her friends are there. But Ms. Hassan knows that the fastest way back to her home is to resolve this case, which she intends to do. She has shown over the course of seven years that she is not a risk of flight. Additionally, she is not a danger to

7

the community. She has no record and she is accused of participating in an illegal conspiracy through an online chat room.

Furthermore, Ms. Hassan would adhere to any conditions imposed, to the extent the Court has any lingering concerns. Thus, there are a combination of conditions that could reasonably assure Ms. Hassan's appearance in Court and the safety of the community, which might include a third-party custodian and electronic monitoring. She can reside with a suitable third-party custodian locally in this district. Ms. Hassan would also submit to electronic monitoring. Put simply, Ms. Hassan is willing to submit to any conditions the Court might impose while she awaits trial.

## **CONCLUSION**

The defendant respectfully requests that this this Honorable Court to revoke the order of detention imposed by Magistrate Judge Buchanan on November 4, 2021 and release her on conditions.

Respectfully submitted,
FARHIA HASSAN
By Counsel

CARMICHAEL ELLIS & BROCK, PLLC

_____/s/_____
Yancey Ellis (VSB 70970)
Counsel for Defendant
108 N. Alfred Street, 1st Fl
Alexandria, Virginia 22314
703.684.7908 / Fax 649.6360
yancey@carmichaellegal.com

8

## **CERTIFICATE OF SERVICE**

       I certify that on November 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties to this action.

                                                                 _____/s/_____
                                                                 Yancey Ellis