IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \| | |
| | \| | |
| v. | \| | 1:14-cr-00230-AJT |
| | \| | |
| FARHIA HASSAN, | \| | |
| | \| | |
| Defendant. | \| | |

## DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS INDICTMENT

The government must show that Farhia Hassan had "fair notice" she could be subject to prosecution for her association with several women who donated money to a designated foreign terrorist organization. *See United States v. Al Kassar*, 660 F.3d 108, 119 (2d Cir. 2011) (A defendant must "reasonably understand that their conduct was criminal and would subject them to prosecution somewhere.").

The Government argues that Ms. Hassan "knew full well that al-Shabaab was not a 'foreign political group,' but rather a violent terrorist insurgency." *Dkt. No.* 439 at 3 (Feb. 16, 2022). It argues that Ms. Hassan would know she was "subject to prosecution somewhere" because Dutch law criminalized Ms. Hassan's actions. *Id.* While it is true that the Netherlands adopted legislation in 2012[1] that criminalized obtaining "means" used for the commission or facilitation of a terrorist offense, the Dutch law does not criminalize money contributions to certain organizations generally, nor does it criminalize agreements to make such contributions. *See* Netherlands Criminal Code § 134a (Jan. 10, 2012) (unofficial translation). Further, the Dutch law does not state that it applies extraterritorially and would not apply to money contributions sent to another country. *Id.* Additionally, Ms. Hassan is charged with being a part

---

[1] Gov't Resp. to Def's. Mot. To Dismiss, n.1-2, Feb. 16, 2022 (*Dkt. No.* 439).

of a conspiracy. The Government has not charged Ms. Hassan with providing material support directly. The conspiracy provisions of the Netherlands Criminal Code do not apply to section 134a dealing with "means." *See* Netherlands Criminal Code § 134a. Additionally, the conspiracy provisions of Kenya's Terrorism Act only apply to conspiracies to commit specific terrorist acts. *See* Republic of Kenya Prevention of Terrorism Act, Part III, Sec. 23, No. 30 of 2012.[2] It is not enough to simply assert that there is "an abundance of evidence" in support of certain allegations as the Government does here.

The mere fact that the U.S. Department of State has made certain factual findings and has designated al-Shabaab as a foreign terrorist organization is not sufficient to provide Ms. Hassan, a Dutch citizen, with fair warning that she could be prosecuted for allegedly agreeing with others online to send a donation. Particularly when, as the Government concedes, there is no direct evidence to prove that any alleged donation was ever made. *Dkt. No.* 439 at 5. The Government argues that it has produced direct evidence because a "defendant's statement admitting guilt is direct evidence, not circumstantial." *Dkt. No.* 439 at 5. While Ms. Hassan allegedly admitted to transmitting a few small donations to individuals in Africa, that is far different than an admission of guilt. Therefore, the fair notice requirements of the Due Process Clause of the *Fifth Amendment* are clearly not met.

Finally, the Indictment seeks to criminalize mere association and speech. 18 U.S.C. § 2339B requires no overt act to violate its conspiracy provisions. *See United States v. Jama*, 217 F. Supp. 3d 882, 894 (E.D. Va. Nov. 4, 2016). In *Jama*, however, this Court recognized that *First Amendment* issues do arise in prosecutions under this section and as a result, reviewed the specific allegations against the defendants in light of those issues. *Id.* The Court then relied on the Supreme Court's decision in *Holder v. Humanitarian Law Project* to explain the distinction

---

[2] Available at
http://www.vertic.org/media/National%20Legislation/Kenya/KE_Prevention_Terrorism_Act.pdf.

between speech and conduct under this section. *Id.* (citing 561 U.S. 1 (2010)). This Court emphasized that the defendants "agreed to engage in prohibited conduct and are not being punished for their advocacy but rather for their actions." *Id.* at 894.

This case is distinct from *Holder*. *Holder* specifically deals with legal advocacy on behalf of groups designated as Foreign Terrorist Organizations (FTOs) and training members of those groups in international law, among other things. *Id.* The Supreme Court made clear that such actions would be punishable conduct under § 2339B and would amount to material support. *Id.* In this case, there is no allegation that Ms. Hassan engaged in any sort of legal advocacy or education on behalf of al-Shabaab or any of its members. Her speech or association in this matter was conducted with other women with similar views, not a foreign terrorist organization directly or with members of that organization. More importantly, the Government relies on her speech and association, not direct evidence of actual funds provided.

In sum, the fair notice requirements of the Due Process Clause of *Fifth Amendment* have not been met in this case and thus the application of extraterritorial jurisdiction over Ms. Hassan is inappropriate. Furthermore, prosecution in this matter attempts to criminalize association and not conduct, which is not enough to support a conviction for conspiracy under §2339B. Accordingly, the indictment must be dismissed.

                                          Respectfully submitted,
                                          FARHIA HASSAN
                                          By Counsel
                                          _____/s/_____
                                          Yancey Ellis (VSB 70970)
                                          108 N. Alfred Street, 1st Fl
                                          Alexandria, Virginia 22314
                                          703.684.7908 / Fax 649.6360
                                          yancey@carmichaellegal.com

## **CERTIFICATE OF SERVICE**

  I certify that on February 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties to this action.

_____/s/_____
Yancey Ellis