IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:14-CR-230-4 |
| | ) | |
| FARHIA HASSAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITAL AND
TO DISMISS FOR LACK OF JURISDICTION**

The defendant, Farhia Hassan, by counsel, moves this Honorable Court for Judgment of Acquittal under Fed. R. Crim. P. 29 and to dismiss for lack of jurisdiction. In support of this motion, Ms. Hassan states as follows.

**I.  Legal standards**

The familiar standard for review of a defendant's claim that the evidence is insufficient to sustain the jury's verdict of guilty is as follows: "the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Steed*, 674 F.2d 284, 286 (4th Cir.), *cert. denied*, 459 U.S. 829 (1982); *United States v. Sherman*, 421 F.2d 198, 199 (4th Cir.), *cert. denied*, 398 U.S. 914 (1970). However, the verdict should be set aside if the evidence still gives "equal or nearly equal" support to a theory of guilt and a theory of innocence because, in that event, a reasonable trier of fact "must necessarily" entertain reasonable doubt. *United States v. Santillana*, 604 F.3d 192, 195 (5th Cir. 2010); *see also United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002); *United States v. Andujar*, 49 F.3d 16, 20

(1st Cir. 1995); *United States v. Wright*, 835 F.2d 1245, 1249 (8th Cir. 1987); Cosby v. Jones, 682 F.2d 1373, 1383 (11th Cir. 1982).

The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *Jackson*, 443 U.S. 307, 309 (1979). In that respect, the Constitution protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id*. at 315. A jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt. *See id*. at 317. However, such an occurrence has traditionally been deemed to require reversal of the conviction. *Id*. at 317.

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must not simply be to determine whether the jury was properly instructed, but instead to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 318. Courts can, and regularly do, gauge the sufficiency of the evidence without intruding into any legitimate domain of the trier of fact. *Id*. at 321.

With respect to jurisdiction, in *United States v. Mohammad-Omar*, 323 F. App'x 259, 261 (4th Cir. 2009), the Fourth Circuit stated, "while Congress may clearly express its intent to reach extraterritorial conduct, a due process analysis must be undertaken to ensure the reach of Congress does not exceed its constitutional grasp. *Id.* (citing *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003); *United States v. Davis*, 905 F.2d 245, 248 (9th Cir. 1990). "To apply a federal

criminal statute to a defendant extraterritorially without violating due process, 'there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair.'" *Id.* (citing *Yousef*, 327 F.3d at 111; *Davis*, 905 F.2d at 248-49); *United States v. Shahani-Jahromi*, 286 F. Supp. 2d 723, 727-28 (E.D. Va. 2003). The Court explained that "[t]he nexus requirement serves the same purpose as the minimum contacts test in personal jurisdiction. It ensures that a United States court will assert jurisdiction only over a defendant who should reasonably anticipate being haled into court in this country. *Id.* (quoting *United States v. Klimavicius-Viloria,* 144 F.3d 1249, 1257 (9th Cir. 1998) (internal quotation marks and citation omitted)).

## II. The evidence was insufficient to find that Ms. Hassan was a member of a conspiracy

The evidence in this case showed that Ms. Hassan took independent action. The evidence did not sufficiently establish that she was part of a common plan or joint action, or that she formed a partnership with anyone. Instead, the evidence showed that Ms. Hassan answered the call of a solicitor peddling the cause of al-Shabaab and merely associated with others and discussed common goals, that there was mere similarity of conduct between or among such persons, and that Ms. Hassan was merely present in a few of the Paltalk chat room sessions. Therefore, the evidence was insufficient to find Ms. Hassan guilty of conspiracy. *See* Jury Instruction Nos. 29, 30.

### III. The evidence was insufficient to find that Ms. Hassan knew that al-Shabaab was a designated foreign terrorist organization or that it engaged in terrorist activity or terrorism.

The parties stipulated that "[a]t all times leading up to, and throughout the dates referenced in the indictment, Al-Shabaab was not designated as a terrorist organization by the European Union or the Netherlands." ECF No. 476. The evidence was insufficient to show that Ms. Hassan, a Dutch citizen residing in the Netherlands, knew that al-Shabaab was a designated foreign terrorist organization or that it engaged in terrorist activity or terrorism. First, there was insufficient evidence that Ms. Hassan knew she was pledging payments to al-Shabaab. The government's own cooperating witness, Amina Esse, testified that Jama and Dhirane tricked her into visiting the pro-al Shabaab chat room, and further mislead her into believing that her donations were truly being sent to help orphans. In fact, she testified that the large majority of her payments were made when she believed she was helping poor people or orphans. Because the government provided no actual record of Ms. Hassan's payments, and because there was no independent evidence that Ms. Hassan was not also tricked, the evidence gives "equal or nearly equal" support to a theory of guilt and a theory of innocence and the Court should enter a Judgment of Acquittal. *Santillana*, 604 F.3d at 195.

Second, even if there was evidence that Ms. Hassan knew her pledges were to al-Shabaab, there was insufficient evidence that she knew that al-Shabaab was a designated foreign terrorist organization or that it engaged in terrorist activity or terrorism. Out of the hundreds of pages of transcripts produced in this case, there is

4

only one transcript in which the government argues that Ms. Hassan was present and any terrorist-type activity is discussed. *See* GEX 160-163. This transcript represents a conference call with many individuals present and Special Agent Weidenbenner testified that the call kept dropping throughout, explaining why the one call constituted multiple exhibits. Ms. Hassan is not heard on this call except for twice in GEX 160A. There was no evidence presented that Ms. Hassan was on the other dropped portions of the call and none of the communication in GEX 160A is about terrorism or terrorist activity. Therefore, GEX 160-163 cannot be a basis to impute knowledge to Ms. Hassan. Further, given the testimony of Mr. Bryden – that the Somali government and Ethiopian troops committed serious human rights atrocities throughout Somalia – it cannot be expected that Ms. Hassan would know that simply engaging in such violence constitutes "terrorist activity" or "terrorism" as opposed to the general violence that was omni-present in Somalia for the past two decades.

## IV. The conviction violates Ms. Hassan's rights under the First Amendment.

The government insists that this case is about money and not any other type of support, yet at the same time, in closing argument the government argued that the crime was complete at the instance Ms. Hassan *pledged* to send money, regardless of whether any money was ever sent. Criminalizing a person's oral pledge (or through a chatroom) with nothing else, criminalizes the freedom of association and speech and violates the First Amendment. Therefore, a conviction under 18 USC § 2339B is unconstitutional as-applied in this case. *See Holder v.*

5

*Humanitarian Law Project*, 561 U.S. 1, 39 (2010) (*aff'g Humanitarian Law Project v. Reno*, 205 F.3d 1130, 1133 (9th Cir. 2000)); *United States v. Mehanna*, No. 09-CR-10017-GAO, Def.'s Mot. for Prelim. Instr. to the Jury (Oct. 26, 2011); *see also United States v. Hammoud*, 381 F.3d 316, 329 (4th Cir. 2004), *judgment vacated on other grounds*, 543 U.S. 1097 (2005).

V. **The Court lacks jurisdiction.**[1]

Ms. Hassan adopts and incorporates all of her prior arguments on this issue. *see* ECF Nos. 343, 351, including that: due process demands a "sufficient nexus" between the defendant and the United States; the presumption is against extraterritoriality – even if the defendant had some contact with the United States; because Ms. Hassan is a foreign national abroad whose conduct occurred entirely overseas, her conduct is not prohibited under § 2339B and making it criminal would violate due process; jurisdiction over an offense that "occurs in or affects interstate or foreign commerce," as provided in § 2339B(d)(1)(E), does not encompass commerce that occurs wholly outside the United States between foreign countries; the object of the conspiracy is not a crime and therefore the government failed to prove an "offense" under § 2339B at all; Section 2339B(d)(1)(F) is not so broad as to expand the extraterritorial reach of the underlying statute for which the United States would not otherwise have jurisdiction under both the due process clause as well as under the statute itself; and there is no universal jurisdiction for material

---

[1] To the extent that any of Ms. Hassan's lack of jurisdiction arguments overlap with judgment of acquittal under Rule 29, Ms. Hassan's asks that they be applicable as to both bases, supporting a judgment of acquittal and dismissal.

support and U.S. law cannot proscribe wholly foreign support provided by non-U.S. persons to al-Shabaab that is not intended to harm the United States or U.S. citizens.

The evidence at trial established the following facts:

- Ms. Hassan is a Dutch citizen residing in the Netherlands

- At all times leading up to, and throughout the dates referenced in the indictment, Al-Shabaab was not designated as a terrorist organization by the European Union or the Netherlands.

- Ms. Hassan has never entered the United States except when the FBI brought her here against her will.

- Any money Ms. Hassan may have sent to individuals in Africa never touched the United States

- Ms. Hassan never received any money from anyone in the United States.

- Al-Shabaab is an organization local to the horn of Africa with a domestic agenda, or at the very least, no agenda related to the United States.

Each of these facts reinforces Ms. Hassan's position with respect to the Court's lack of jurisdiction for the reasons stated in Ms. Hassan's prior pleadings. *See* ECF Nos. 343, 351.

To the extent that the government now relies on "first brought" jurisdiction to establish jurisdiction in this case, 18 U.S.C. § 2339B(d)(C) this violates the due process clause for all of the same reasons, *see* ECF Nos. 343, 351, including that there remains no sufficient nexus to the United States and the object of the conspiracy is not a crime in the United States. *See United States v. Brehm*, 691 F.3d 547, 552 (4th Cir. 2012) ("Though a criminal statute having extraterritorial reach is declared or conceded substantively valid under the Constitution, its enforcement in

a particular instance must comport with due process. Some courts have, as a proxy for due process, required a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair.") (internal quotation marks omitted); *United States v. Shahani Jahromi*, 286 F. Supp. 2d 723, 727 (E.D. Va. 2003) (Ellis, J.)("Congress may clearly express its intent to reach extraterritorial conduct, but a due process analysis must be undertaken to ensure that Congress' reach does not exceed its constitutional grasp.").

## VI.     Conclusion

For all of these reasons, this Honorable Court should grant Ms. Hassan's post-trial Motion for Judgment of Acquittal as well as dismiss for lack of jurisdiction.

>  Respectfully submitted,
>  FARHIA HASSAN
>  By Counsel
>
>  _____/s/_____
>  Jessica Carmichael (VSB No. 78339)
>  Yancey Ellis (VSB No. 70970)
>  Carmichael Ellis & Brock, PLLC
>  108 N. Alfred Street, 1st Floor
>  Alexandria, VA 22314/(703) 684-7908
>  jessica@carmichaellegal.com
>  yancey@carmichaellegal.com

**CERTIFICATE OF SERVICE**

I certify that on May 16, 2022, I filed the foregoing with the Clerk of the Court for the Eastern District of Virginia, Alexandria Division using the CM/ECF system, which will send a Notification of Electronic Filing (NEF) to all parties to this action.

_____/s/_____
Jessica Carmichael